**Francis E. FITZGERALD, Appellant,**

v.

**CITY OF OVERLAND, Respondent.**

**No. 59198.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1992.

Jack B. Spooner, Howard Allen Wittner, Gary Siegel, St. Louis, for appellant.

Robert Herman, Sean C. Santoro, St. Louis, for respondent.

CRIST, Judge.

Employee appeals from a judgment entered upon a jury finding that Employee was not discharged as the direct and exclusive result of asserting his rights under the Workers' Compensation Act. We affirm.

Employee objects to the use of the words "direct and exclusive result" in the verdict directing instruction submitted by Employer and given by the court. The instruction reads:

Your verdict must be for the plaintiff if you believe:

First, that plaintiff, while employed by the defendant, exercised certain of his rights under the Workers' Compensation Law by consulting a lawyer in regard to his rights and filing a Claim For Compensation, and

Second, as a direct and exclusive result of plaintiff exercising said rights, or either of them, under the Workers' Compensation Law, defendant discharged plaintiff, and

Third, as a direct result of such discharge plaintiff sustained damage.

There is no approved MAI instruction.

Some confusion has been evident since the Missouri Supreme Court listed "an exclusive causal relationship between plaintiff's actions and defendant's actions" as an element of the cause of action of wrongful discharge in *Hansome v. Northwest Cooperage Co.*, 679 S.W.2d 273, 275 [1] (Mo. banc 1984). Each of the districts of the Court of Appeals has since considered various forms of verdict directors in a number of cases. In *Reed v. Sale Memorial Hospital and Clinic*, 698 S.W.2d 931, 937 [9, 10] (Mo.App.1985), the Southern District found no prejudice resulted from the use of a verdict director containing the words "direct result" and not the words "exclusive result." *See also Wiedower v. ACF Industries, Inc.*, 715 S.W.2d 303, 305 (Mo.App. 1986) (Eastern District). In *Blair v. Steadley*, 740 S.W.2d 329, 331 (Mo.App.1987), the Southern District found no prejudice where the instruction used the words "direct and exclusive result," as in the case at bar. *See also Hopkins v. Tip Top Plumbing and Heating Co.*, 805 S.W.2d 280, 285 [8] (Mo.App.1991) (Western District).

Employee's contention is that the use of both "direct" and "exclusive" imposes a greater burden on a plaintiff than that required by *Hansome*. However, from the partial transcript filed in this case we can find no prejudice resulting from the use of this verdict director. Further, this instruction complies with the rule that not-in-MAI instructions must follow the substantive law and must be readily understandable. *Blair*, 740 S.W.2d at 333 [4].

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.